IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Thomas Giniski Pierce,<br><br>                Petitioner,<br><br>v.<br><br>C. Reynolds, *Warden*,<br><br>                Respondent. | Civil Action No.:2:15-cv-01803-SB-MGB<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

Petitioner, a state prisoner, seeks habeas relief pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Respondent's Motion for Summary Judgment. (Dkt. No. 20.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

Petitioner brought the instant habeas action on or about April 28, 2015. ( Dkt. No. 1.) On August 28, 2015, Respondent filed a Return and Motion for Summary Judgment. (Dkt. Nos. 19, 20.) Petitioner filed a Response in Opposition to the Motion for Summary Judgment on or about December 18, 2015. (Dkt. No. 32.)

**PROCEDURAL HISTORY**

Petitioner is currently confined at the Lee Correctional Institution of the South Carolina Department of Corrections ("SCDC"). Petitioner was indicted by the Greenville County grand jury for murder, but prior to his plea hearing, waived presentment on an indictment for voluntary manslaughter (2009-GS-23-3739A). (Dkt. No. 19-1 at 11, 161.) On April 27, 2009, he pled guilty to voluntary manslaughter and his sentencing was deferred until he could complete his duty under a plea agreement to cooperate with the State in the prosecution of his co-defendant, Zachary Arnold. (*Id.* at 3-21.) On September 8, 2010, Petitioner was sentenced to twenty-four years' imprisonment. (*Id*. at 23-37.)

On August 3, 2011, Petitioner filed an application for post-conviction relief (PCR) in the Greenville County Court of Common Pleas. In his application, Petitioner set forth the following grounds for relief and supporting facts, quoted verbatim:

> (A) Counsel was ineffective for the following reasons:
>
> 1. Not petitioning the courts for my confession (statement) to be suppressed. Supporting Facts: Applicant's Miranda rights was violated and that he had not received timely Miranda warnings, that the waiver of rights was not explicit, and that neither the reading of his rights, nor the 15-hour police interrogation in a tiny room was video or audio recorded on October 11, 2006. Also interrogated October 4, 6, 2006 for same crime.
>
> 2. Not appealing applicant's conviction within 10 days of conviction and/or not notifying applicant of his right to appeal his conviction. Supporting Facts: by using confession (statements) that had been obtained by coercion, involuntary to get defendant to plead guilty.
>
> 3. For not petitioning the courts for an mental health evaluation or competence hearing before trial. Supporting Facts: By police using duress of imprisonment, coercion, sleep deprivation, withholding of food until confession violated due-process and while applicant was under heavy mental psychological medication.
>
> 4. For not asking judge to reconsider sentence at the close of trial. Supporting Facts: For not given applicant his preliminary hearing.
>
> 5. For insisting-n-instructing applicant to plead guilty.
>
> 6. Not petitioning the courts to suppress any evidence that police and/or prosecution might use from confession that was not voluntary.
>
> 7. For insisting-n-instructing applicant to plead guilty to a crime where attorney knew confessions (statements) was coerced, involuntary made under duress of imprisonment, counsel knew applicant was pleading guilty unknowingly and involuntary.
>
> 8. For not requesting a preliminary hearing and/or made sure that applicant got his preliminary hearing that he himself (applicant) had put in for–filed with clerk of court 10-23-08 3:58 p.m.
>
> 9. By not objecting to applicant pleading guilty in front of 1 judge and sentenced by another.
>
> 10. Waived the defendants right to a preliminary hearing or failed to demand a preliminary in this case which was crucial to the defenses to these charges in question.

> 11. Failed to fully pursue the defendant's history of mental-emotional problems and prior diagnosis and to address those fully in the plea and sentencing hearing int his matter.

(Dkt. No. 19-1 at 39-52.) On November 3, 2011, Petitioner filed an amendment to his PCR application, in which he raised the following grounds for relief and supporting facts, quoted verbatim:

> 1. Attorney R. Mills Ariail Jr., rendered constitutionally defective assistance by failing to adequately investigate and present mitigating evidence of my dysfunctional background during penalty phase, was deficient performance.
>
> 2. Trial counsel's failure to present mitigating evidence, because I under duress confessed to the crime, was not a reasonable strategic decision.
>
> 3. Failure to adequately investigate and present mitigating evidence prejudiced me (Applicant).
>
> 4. Counsel fail and was ineffective to not petition and/or motion the court for an private and/or independent mental evaluation or neutral expert witness for competency to stand trial or criminally responsibility, after the State's mental health forensic – USC School of Medicine Psychiatrist, Dr. Richard L. Frierson, had found Applicant competent to stand trial, February 6, 2008, to said charge.
>
> 5. Counsel's failure and ineffectiveness to present evidence of Applicant's alleged mental illness as mitigating factor in sentencing phase of murder prosecution, based on counsel's mistaken belief that he could not present such evidence because trial court had found applicant competent to stand trial, was deficient performance, as required to establish defendant's ineffective assistance claim.
>
> 6. Counsel failed to fully pursue the applicant's history of mental-emotional problems and prior diagnosis and to address those fully in the plea hearing, and sentencing.
>
> 7. Counsel waived the defendant's right to a preliminary hearing in this case which was crucial to the defense to these charges in question . . . .
>
> 8. Counsel was ineffective for not requiring a preliminary hearing and/or make sure that Applicant got his preliminary hearing that he himself had motion the court – filed with clerk of court on October 23, 2008., at 3:58 p.m.

3

9. Counsel was ineffective for not appealing Applicant's conviction within 10 days of conviction and/or not notifying Applicant of his right to appeal his conviction.

10. Counsel was ineffective for not petitioning the Court for my confession (statement) to be suppressed.

11. Counsel was ineffective for insisting-n-instructing Applicant to <u>plead</u> <u>guilty</u> to a crime where (Attorney Mr. Ariail, Jr.) knew confession was coerced, involuntary made under duress of imprisonment, Attorney knew Applicant was pleading guilty unknowingly and involuntary.

12. Counsel was ineffective for not petitioning the Court to suppress any evidence that police and/or prosecutor might use from confession that was not voluntary.

13. Applicant's DUE PROCESS of LAW violation: Applicant's Miranda Rights was violated and that he had not received timely Miranda warnings, that the waiver of rights, nor the 15 hour police interrogation in a tiny room full of police was video or audio recorded on. October 11, 2006.

14. DUE PROCESS was violated – by using confession of Applicant that had been obtained by coercion, involuntary to get Applicant to pled guilty.

15. By police using duress of imprisonment, coercion, sleep deprivation, withholding of food until confession violated DUE-PROCESS and while Applicant was under heavy mental psychological medication: Seroquel for paranoid schizophrenic.

16. Applicant's DUE PROCESS was violated where police promised not to seek life in prison and get food from McDonalds if applicant confessed to crime.

17. Counsel failed and was ineffective for not investigating and/or interviewing witnesses who detectives stated in the arrest warrant (I-819819), that they had multiple EYEWITNESSES statements and cell phone records placing the accused as the shooter and driver of a vehicle described by witnesses, at scene of crime. But through my <u>MOTION OF DISCOVERY</u> RULE 5, the statements never existed. Trial counsel was ineffective for not interviewing these said witnesses. Neither did he do any background checks to see if any (they) existed, neither did he gather any statements of request the N.C.I.C. Sled report of said witnesses. Counsel was ineffective for not requesting PHOTO-LINE UP. Counsel withheld discovery favorable to defendant, that which the outcome to show that it was never any eyewitnesses or phone calls that existed, in the fact that the warrant (I-819819), was obtained under false findings - doesn't have identify voice recording.

4

> 18. Counsel failed to raise any argument against the manner in which the confession was obtained.
>
> 19. Counsel failed to move for mistrial, if counsel would have moved for mistrial and the said evidence was showed to be false and if it had - was brought to the Courts attention that no recorded voice calls of Applicant or witnesses existed, it is a strong possibility that a judge couldn't entertained it. The Supreme Court has stated, it will not entertain anything that is not presented to them, so counsel was ineffective and deficient performance for not bringing said witnesses - evidence to Court's attention.
>
> 20. Applicant contest that his "MIRANDA RIGHTS" was violated not explicit due to him not knowing them. Also he was Questioned for this said charge (I-819819) 3 time without having an attorney present, after requesting one.
>
> 21. Applicant is contesting that his attorney, Mr. R. Mill Ariail, Jr. was ineffective because he was informed by me that he was interrogated by Greenville Police some 15 hrs., without water, restroom or food until compel to confess. Applicant didn't know what to do due to the pressure of the police. I informed Mr. Ariail, that the police started making promises to me. The applicant was hungry, tired and under psychotic mental medication (Seroquel), unable to function properly, after long travel from Kirkland R&E Institution in Columbia back to Greenville Law Enforcement Center, only to be questioned a 3rd time.
>
> 22. Counsel was ineffective, because counsel prejudiced applicant by instructing-n-insisting Applicant to plead guilty, knowing that once he plead guilty, he would give up some rights of the United States Constitution: (e.g. 1 . . . to face his accusers; 2 . . . waive the right to be judged by his peers; 3 . . . also, the judge would not have to look any further into my case, because it would be no further findings needed). Attorney Mr. R. Ariail was in partnership to conspire and aid the State, because Mr. Arial knew according to RULE 11, once I plead guilty, it would be extremely hard to give the Plea back, after Rule 11 has been read. Attorney Ariail failed to explain to me the consequences of pleading guilty to said charge, therefore, he was ineffective.

(Dkt. No. 19-1 at 56-61). The State filed a return on December 30, 2011. (*Id.* at 72.)

A hearing was held on June 19, 2013 before the Honorable D. Garrison Hill, Circuit Court Judge. (*Id.* at 78.) The PCR judge dismissed Petitioner's application by way of an order dated August 7, 2013. (*Id.* at 152.)

Petitioner filed a notice of appeal in the South Carolina Supreme Court on August 21, 2013. (Dkt. No. 19-4 at 1.) Petitioner's PCR appeal counsel, Robert M. Pachak of the South

5

Carolina Commission on Indigent Defense, Division of Appellate Defense, filed a *Johnson*[1] Petition for a Writ of Certiorari on Petitioner's behalf and also filed a motion to be relieved as counsel. (Dkt. No. 19-5 at 1.) The issued presented by counsel in the *Johnson* petition was, "Whether plea counsel was ineffective in giving petitioner incorrect sentencing advice?" (*Id.* at 3.) By order dated April 8, 2015, the Supreme Court denied the petition for a writ of certiorari and granted the motion to be relieved as counsel. Remittitur was issued on April 24, 2015.

Petitioner filed the instant habeas petition on April 28, 2014, wherein he raised the following grounds for relief, as well as supporting facts that are edited for brevity:

> **Ground One**: Petitioner's plea of guilty, under the advisement of counsel, to voluntary manslaughter was not an "informed and intelligent decision." (U.S.C.A. Sixth and Fourteenth).
> **Supporting facts**: Petitioner complains that the state trial court failed to adequately inform him to the "MINIMUM and MAXIMUM" punishment applicable by statute for the offense of Voluntary Manslaughter (S.C. Code Ann. § 16-3-50), prior to accepting his plea. [. . . ].
>
> **Ground Two**: Petitioner received ineffective assistance of counsel—when defense counsel failed to "object"—and then move to have Petitioner's plea "withdrawn" at sentencing—when the prosecution "denied" there was a recommendation as to sentencing, an element of a negotiated plea agreement between Petitioner and the prosecution. (U.S.C.A. Sixth and Fourteenth).
> **Supporting facts**: [. . . ] At Petitioner's plea hearing, the prosecution entered into negotiations with petitioner, to provide a recommendation in sentencing, in exchange for his cooperation in the prosecution of co-defendants, Mr. Zachary Arnold and Mr. Jarvis Taylor. [. . .] HOWEVER—at petitioner's Sentencing, on September 8, 2010, the prosecution failed to honor the plea agreement it made with petitioner as to a recommendation in sentencing. [. . .] Instead, ... the prosecution disregarded an element (truthful testimony of petitioner at co-defendants trial), and allowed the remaining co-defendant, "Mr. Arnold," to negotiate his own plea agreement with the prosecution.
>
> **Ground Three**: Counsel was ineffective for not challenging the admissibility of Petitioner's statement (Confession)—which may have been "<u>involuntary</u>" and if so, would have been inadmissible at trial. Nor did counsel attempt to put any

---

[1] *Johnson v. State*, 364 S.E.2d 201 (1988) (approving of the application of the procedures outlined in *Anders v. California*, 386 US. 738 (1967), for the withdrawal of counsel in meritless post-conviction appeals).

> primary evidence obtained from Petitioner's confession through an adversarial test. (U.S.C.A. Sixth and Fourteenth Amendments).
> **Supporting facts**: Petitioner complains that during discussions with his appointed counsel, he repeatedly appraised counsel of the tactics utilized by law enforcement to obtain a confession, while he was under the influence of SEROQUEL, RISPERDAL, TRAZODONE, and CELEXA to treat a mental disorder known as SCIZOPHRENIA.<u>GREENVILLE LAW ENFORCEMENT OFFICERS</u>: 1.) ... placed petitioner in a small room, filled with interrogators for house[.] 2.)... never advised of his MIRANDA RIGHTS until deep into those interrogations. [. . .] Despite the fact that the primary evidence against petitioner was obtained from his confession;...counsel failed to: 7.)...petition the trial court for a hearing to challenge the admissibility of petitioner's confession, obtained by unlawful tactics utilized by law enforcement[.] 8.)... did not petition the trial court for a "<u>Competency</u> <u>Hearing</u>" to determine petitioner's mind-set, under such circumstances, to admit to a crime; especially, after the trial court "<u>Ordered</u>" a mental examination to determine petitioner's mind-set while under the aforementioned medications[.] 9.)... trial counsel did not investigate the state's alleged eyewitness which claim she could identify petitioner as the person who was standing at victim's front door, on the night and time in question.  If counsel would have applied some diligence to investigate this accusation, he would have discovered this witness could not identify anyone.  She was just a bystander to the act, and actually identified no one.
>
> **Ground Four**: Counsel was ineffective during Petitioner's sentencing phase, by failing to introduce mitigating evidence of Petitioner's mental disorders for consideration; . . . nor did counsel file, after sentencing, upon Petitioner's request, a "motion for reconsideration" based upon these same sentencing factors (U.S.C.A. Sixth Amendment).
> **Supporting facts**: Petitioner informed trial counsel throughout his criminal process, to the nature of his life history (mental disorders) he faced throughout his life, leading up to the time of these charges; and requested counsel to inform the sentencing court, at the appropriate time, which may have supported a more lenient sentence. [. . .]

(Dkt. No. 1.) (original emphasis) (errors in original)

## APPLICABLE LAW

**Summary Judgment Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material'

7

when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" *Id.* (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)); *see also Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

**Habeas Standard of Review**

Since the Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320, 322-23 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.

28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 410. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

## **DISCUSSION**

As noted above, Respondent seeks summary judgment in the instant case. (Dkt. No. 20.) For the reasons set forth herein, the undersigned recommends granting Respondent's motion.

### **A.     Grounds One and Two**

In Ground One of the Petition, Petitioner argues his guilty plea was not made knowingly because the trial court failed to adequately inform him of the sentencing range for voluntary manslaughter. In Ground Two of the Petition, Petitioner argues plea counsel was ineffective for failing to object to the solicitor's statement that there was no recommended sentence in Petitioner's plea deal, and for failing to withdraw Petitioner's plea at that time.

The United States Supreme Court has said that a meritorious ineffective assistance of counsel claim must show two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–96 (1984). A court's evaluation of counsel's performance under this standard must be "highly deferential," so as to not "second-guess" the performance. *Id.* at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks and citation omitted); *see also Bowie v. Branker*, 512 F.3d 112, 119 n.8 (4th Cir. 2008); *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297-99 (4th Cir. 1992); *Roach v. Martin*, 757 F.2d 1463, 1467 (4th Cir. 1985). In order to establish the second prong of *Strickland*, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability" has been defined as "a probability sufficient to undermine confidence in the outcome." *Id.* While *Strickland* itself is a deferential standard, when both § 2254(d) and *Strickland* apply, "review is doubly" deferential. *Harrington v. Richter*, 562 U.S. 86, 105 (2011). Indeed, when § 2254(d) applies, "[t]he question is

whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at 105.

The two-part test enunciated in *Strickland* applies to challenges to guilty pleas based on ineffective assistance of counsel. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985). "[I]n order to satisfy the 'prejudice' requirement [set forth in *Strickland*], the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

Respondent argues Petitioner's claims in Grounds One and Two are procedurally barred from federal habeas review because they were not ruled on by the PCR judge. The Court agrees.

The Court may not grant habeas relief until a petitioner has exhausted all of his available state court remedies. *See* 28 U.S.C. § 2254(b)-(c).[2] The exhaustion requirement is "grounded in

---

[2] Section 2254 provides, in relevant part,

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b)-(c).

principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Exhaustion "preserves the respective roles of state and federal governments and avoids unnecessary collisions between sovereign powers. States are allowed to vindicate their interest in prompt and orderly administration of justice, while the federal judiciary upholds its responsibility to prevent the exercise of illegitimate authority." *Fain v. Duff*, 488 F.2d 218, 224 (5th Cir. 1973) (citing *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484 (1973)).

The United States Court of Appeals for the Fourth Circuit, in *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997), held that "a federal habeas court may consider only those issues which have been 'fairly presented' to the state courts." *Matthews*, 105 F.3d at 911, *overruled on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011). "The burden of proving that a claim has been exhausted lies with the petitioner." *Id*. (citations omitted). The exhaustion doctrine requires that, before a federal court will review any allegations raised by a state prisoner, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971).

"Federal habeas review of a state prisoner's claims that are procedurally defaulted under independent and adequate state procedural rules is barred unless the prisoner can show cause for the default and demonstrate actual prejudice as a result of the alleged violation of federal law, or prove that failure to consider the claims will result in a fundamental miscarriage of justice." *Lawrence v. Branker*, 517 F.3d 700, 714 (4th Cir. 2008) (citing *McCarver v. Lee*, 221 F.3d 583 (4th Cir. 2000)). "'A state rule is adequate if it is firmly established,' *James v. Kentucky*, 466 U.S. 341, 348, 104 S.Ct. 1830, 80 L.Ed.2d 346 (1984), and regularly and consistently applied by the state court, *Johnson v. Mississippi*, 486 U.S. 578, 587, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988)." *Id*.

11

The claims raised by Petitioner in Grounds One and Two were not ruled on by the PCR judge, and the record does not show that Petitioner filed a Rule 59(e) motion to ask the PCR judge to consider ruling on these claims, to the extent they were even properly presented to the PCR judge. Therefore, these claims were barred from consideration by the state appellate courts on independent state procedural rules. *See Plyler v. State*, 424 S.E.2d 477, 478 (S.C. 1992) (stating issue not preserved for review where it was neither raised to nor ruled on by the PCR judge); *Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007) (stating issues are not preserved for review where the PCR applicant fails to make a Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law on his allegations). Consequently, these claims are barred from federal habeas review. *See Lawrence*, 517 F.3d at 714.

However, Petitioner alleges he can demonstrate cause to excuse his procedural default pursuant to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), because PCR counsel was ineffective for failing to raise Grounds One and Two to the PCR judge and obtain a ruling.

In *Martinez*, the Supreme Court held that a habeas corpus petitioner asserting claims for ineffective assistance of counsel can demonstrate sufficient cause to excuse a procedural default upon a showing that counsel in the initial-review collateral proceeding was ineffective in failing to raise a claim that should have been raised below. *See Martinez*, 132 S.Ct. at 1318 (internal citations omitted). In a later case describing the *Martinez* decision, the court stated,

> We consequently read *Coleman* as containing an exception, allowing a federal habeas court to find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law *requires* that an "ineffective assistance of trial counsel claim . . . be raised in an initial-review collateral proceeding."

*Trevino v. Thaler*, 133 S. Ct. 1911, 1918 (2013) (citing *Martinez*, 132 S. Ct. at 1318-19, 1320-21)). A "substantial" claim is one that has "some merit." *Martinez*, 132 S. Ct. at 1318-19).

The Court finds Petitioner has not demonstrated cause to excuse his procedural default

because Grounds One and Two are not "substantial" claims. Plea counsel's PCR testimony refutes Petitioner's claim in Ground One that his plea was not entered knowingly because he was not informed of the sentencing range for voluntary manslaughter, and his claims in Ground Two that plea counsel was ineffective for failing to object to the solicitor's statement that there was no recommended sentence in Petitioner's plea deal, and for failing to withdraw Petitioner's plea at that time.[3] Plea counsel testified he explained to Petitioner the sentencing range he faced if he proceeded to trial on the murder charge and the sentencing range for voluntary manslaughter if he pled guilty. (Dkt. No. 19-1 at 108.) He further explained to Petitioner that "there were no guarantees" in regard to what sentence he would receive, and this information was memorialized in a letter. (*Id.* at 108, 148.) Therefore, plea counsel's testimony shows Petitioner was aware of the sentencing range he faced if he pled guilty to voluntary manslaughter. *See Boykin v. Alabama*, 395 U.S. 238, 243-44 (1969) (establishing that a defendant's guilty plea must be made on the record, and is valid only if it was made voluntarily and knowingly, meaning the defendant had a full understanding of the consequences of his plea and the charges against him). Moreover, plea counsel's testimony that the plea agreement did not include a sentencing recommendation shows plea counsel had no basis to object to the solicitor's comments at the sentencing hearing or to withdraw the plea. *See Strickland*, 466 U.S. at 688. Therefore, Petitioner failed to show his plea was not made knowingly or that plea counsel was ineffective, and consequently, PCR counsel was not ineffective for failing to raise these issues to the PCR judge and obtain a ruling. *See Martinez*, 132 S. Ct. at 1318-19. Accordingly, Petitioner has failed to demonstrate cause to excuse the procedural bar. *Id.* Respondent is entitled to summary judgment as to Grounds One and Two.

---

[3] The PCR judge found trial counsel's PCR testimony was credible, and also found Petitioner's testimony was not credible. *See Elmore v. Ozmint*, 661 F.3d 783, 850 (4th Cir. 2011) ("We must be 'especially' deferential to the state PCR court's findings on witness credibility, and we will not overturn the court's credibility judgments unless its error is 'stark and clear.' ") (quoting *Sharpe v. Bell*, 593 F.3d 372, 378 (4th Cir. 2010)).

**B.     Ground Three (a)**

In Ground Three (a) of the Petition, Petitioner argues plea counsel was ineffective for failing to challenge the admissibility of his confession to the police. Specifically, Petitioner argues his confession was not given voluntarily because he was affected by his schizophrenia medication, he did not waive his *Miranda* rights, and the police used coercive tactics.

The Court finds Petitioner waived his right to raise this ineffective assistance of counsel claim because he pled guilty. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*.") (citing *McMann v. Richardson*, 397 U.S. 759, 770 (1970)); *see also Menna v. New York*, 423 U.S. 61, n.2 (1975) ("A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established."). Petitioner could have challenged the validity of his confession had he proceeded to trial, but he waived that right by pleading guilty. Accordingly, the Court finds Petitioner waived this claim, and Respondent is entitled to summary judgment as to Ground Three (a).

**C.     Ground Three (b)**

In Ground Three (b) of the Petition, Petitioner argues plea counsel should have requested a competency hearing to determine his mental state at the time he confessed.[4] Respondent argues this claim is procedurally barred. The Court agrees. The PCR judge did not rule on this issue and Petitioner failed to file a Rule 59(e) motion to obtain a ruling from the PCR judge. Therefore, this

---

[4] The Court construes this issue as a claim that plea counsel was ineffective under *Strickland*.

claim was barred from consideration by the state appellate courts on independent state procedural rules.  *See Plyler*, 424 S.E.2d at 478; *Marlar*, 653 S.E.2d at 267.  Consequently, this claim is barred from federal habeas review.  *See Lawrence*, 517 F.3d at 714.

However, Petitioner alleges he can demonstrate cause to excuse his procedural default pursuant to *Martinez* because PCR counsel was ineffective for failing to raise Ground Three (b) to the PCR judge and obtain a ruling.  The Court finds Petitioner has failed to show his claim is "substantial."  *See Martinez*, 132 S. Ct. at 1318-19.  Plea counsel's PCR testimony refutes Petitioner's allegation that plea counsel was ineffective for failing to request a competency hearing to determine Petitioner's mental state at the time he gave his confession.  Plea counsel testified he advised Petitioner that they may have had a basis to successfully challenge the confession based on Petitioner's invocation of the right to counsel.  (Dkt. No. 19-1 at 105.)  However, plea counsel also advised Petitioner that (1) there was no guarantee the challenge would be successful in court, (2) the State had other evidence upon which to convict Petitioner, and (3) challenging the confession would require going to trial, which would have prevented Petitioner from accepting the State's offer to plead guilty to voluntary manslaughter.  (*Id.* at 120-21.)  However, plea counsel testified that while he was aware that Petitioner was taking medication for his schizophrenia, he had no basis to conclude his mental state was affected when he confessed to police.  (*Id.* at 109, 119).  Therefore, plea counsel had no basis to challenge the confession based on Petitioner's mental state, *see Strickland*, 466 U.S. at 688, and as explained above, Petitioner's decision to plead guilty obviated the need to challenge the State's evidence.  *See Tollett*, 411 U.S. at 267.  Consequently, Petitioner has not shown that this claim was meritorious, and therefore, PCR counsel was not ineffective for failing to raise this issue to the PCR court and obtain a ruling.  *See Martinez*, 132 S. Ct. at 1318-19.  Accordingly, the Court declines to excuse the procedural bar to this claim, *id.*, and Respondent is entitled to summary judgment as to Ground Three (b).

**D.     Ground Three (c)**

In Ground Three (c) of the Petition, Petitioner argues plea counsel was ineffective for not adequately investigating an eyewitness, Ruth Stevens. Respondent argues this claim is procedurally barred because it was not raised in Petitioner's PCR appeal by either PCR appellate counsel in the *Johnson* petition or in Petitioner's *pro se* response. The Court disagrees because, as a claim that was ruled on by the PCR judge and thus preserved for appellate review on certiorari, the state appellate court reviewed the claim pursuant to the procedures outlined in *Anders v. California*. *See Johnson*, 364 S.E.2d at 201 (stating counsel may withdrawal from representation in a meritless PCR appeal if the procedures in *Anders* are followed); *see also Jamison v. State*, 765 S.E.2d 123, 128 (S.C. 2014) ("This Court recently held that, '[u]nder the *Anders* procedure, an appellate court is required to review the entire record, including the complete trial transcript, for any *preserved* issues with potential merit.' ") (original emphasis) (citing *McHam v. State*, 746 S.E.2d 41, 46 (S.C. 2013)). Therefore, the *Anders* procedure followed by the South Carolina appellate courts in reviewing *Johnson* petitions for a writ of certiorari necessarily encompass a review of all issues raised to and ruled on by the PCR judge. *See Plyler*, 424 S.E.2d at 478. Accordingly, the Court rejects Respondent's contention that Petitioner's claim is procedurally defaulted because the claim was not listed in the *Johnson* petition for a writ of certiorari or the *pro se* response.

However, the Court finds Petitioner waived his claim that plea counsel was ineffective for failing to investigate an eyewitness because Petitioner pled guilty. *See Tollett*, 411 U.S. at 267; *Menna*, 423 U.S. at n.2. Petitioner chose to plead guilty rather than proceed to trial where he could have challenged the eyewitness testimony, and by doing so, he waived any claim that plea counsel's investigation of the State's evidence was deficient. Accordingly, Respondent is entitled to summary judgment as to Ground Three (c).

16

**E.     Ground Four**

Petitioner argues plea counsel was ineffective for failing to introduce evidence of Petitioner's mental disorders at sentencing, and for failing to move for reconsideration of the sentence.

At the PCR hearing, Petitioner testified plea counsel should have addressed Petitioner's history of mental illness and head injuries at the sentencing hearing. (Dkt. No. 19-1 at 92.) Petitioner has been in-and-out of mental health clinics and psychiatric hospitals his whole life. (*Id.* at 93.) He sustained a serious head injury in 1983 and was shot in the face in 1999, and as a result, the bullet is still lodged in his head. (*Id.*)

Plea counsel testified that his main arguments at sentencing were that Petitioner cooperated with the police and helped secure convictions for his co-defendants, worked as an informant for the police, and that Petitioner was remorseful. (*Id.* at 114.) Plea counsel testified he was aware of Petitioner's mental health history but he did not address it at sentencing because there was no indication he committed the crime because of a mental illness. (*Id.* at 115-16.)

The PCR judge found Petitioner failed to present any evidence of his mental health history at the PCR hearing, and therefore, any argument that plea counsel should have presented such information at the sentencing hearing was speculative. (*Id.* at 158.) Accordingly, the PCR judge found Petitioner failed to demonstrate prejudice. (*Id.*)

The Court finds the PCR judge's decision is not contrary to, or an unreasonable application of, clearly established federal law. *See* § 2254(d)(1). Plea counsel opined that Petitioner's mental health history was not worth addressing at the sentencing hearing because it had no bearing on Petitioner's culpability for the crime. Therefore, plea counsel made a reasonable decision not to address his mental health and instead focus on Petitioner's cooperation in the investigation, history of working with the police, and his remorsefulness. *See Strickland*, 466 U.S. at 688; *see also McCarver v. Lee*, 221 F.3d 583, 594 (4th Cir. 2000) ("In evaluating trial counsel's performance, we must be highly deferential to counsel's strategic decisions and not

17

allow hindsight to influence our assessment of counsel's performance."). Also, Petitioner failed to demonstrate he was prejudiced by plea counsel's allegedly deficient performance because he presented no credible evidence at the PCR hearing that he had a mental illness that would have affected the plea judge's sentence. *See Strickland*, 466 U.S. at 693; *see also Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992) (stating ineffective assistance of counsel claims that are based on speculation do not meet the burden of showing prejudice under *Strickland*). Therefore, the Court finds the PCR judge's decision is not contrary to, or an unreasonable application of, the *Strickland* test, and Respondent is entitled to summary judgment as to Ground Four.

## **CONCLUSION**

It is RECOMMENDED, for the foregoing reasons, that Respondent's Motion for Summary Judgment (Dkt. No. 20) be GRANTED; and the Petitioner's habeas petition be DISMISSED WITH PREJUDICE. It is further RECOMMENDED that a certificate of appealability be denied.[5]

IT IS SO RECOMMENDED.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

January 28, 2016
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[5]Title 28, Section 2253 provides in relevant part,
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
(B) the final order in a proceeding under section 2255.
28 U.S.C. § 2253. A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the case *sub judice*, the legal standard for a certificate of appealability has not been met. The undersigned therefore recommends that a certificate of appealability be denied.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).