IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

2016 MAR 29 P 3: 13

Thomas Giniski Pierce,                    )
                                          )
                    Petitioner,           )
                                          )     Civil Action No. 2:15-1803-SB
v.                                        )
                                          )        **ORDER**
C. Reynolds, Warden,                      )
                                          )
                    Respondent.           )
_____)

This matter is before the Court upon Petitioner Thomas Giniski Pierce's ("Pierce"

or "Petitioner") *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Pursuant to Local Civil Rule 73.02(B)(2)(a) (D.S.C.), the matter was referred to a United

States Magistrate Judge for preliminary review.



On January 28, 2016, Magistrate Judge Mary Gordon Baker issued a report and

recommendation ("R&R") analyzing the issues and recommending that the Court grant the

Respondent's motion for summary judgment. The Petitioner filed objections to the R&R,

but rather than objecting to a specific portion of the R&R, the Petitioner simply asserts that

the Magistrate Judge "did not thoroughly and with diligence read [his] plea and sentencing

transcripts," and he contends that neither the plea judge nor his trial attorney ever informed

him of the minimum or maximum sentence. (Entry 35 at 1.) In short, he simply reiterates

his claim that he received ineffective assistance and asks for reconsideration of the R&R.

The Magistrate Judge makes only a recommendation to the Court.    The

recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court. See Mathews v. Weber, 423 U.S. 261 (1976). The

Court is charged with making a *de novo* determination of any portion of the R&R to which

a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). In the absence of specific objections, the Court reviews the matter only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' ") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, after review, the Court finds the Petitioner's objections to be without merit. First, contrary to the Petitioner's assertion, a review of the R&R indicates that the Magistrate Judge thoroughly considered the Petitioner's claims. First, the Magistrate Judge determined that grounds one and two of the petition—wherein the Petitioner argues (1) that his plea was not knowingly made because the court failed to inform of the sentencing range and (2) that plea counsel was ineffective[1] for failing to object to the solicitor's statement that there was no recommended sentence, and for failing to seek to

---

[1] A meritorious ineffective assistance claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687-98 (1984). The first part of the test, a court's evaluation of counsel's performance, must be "highly deferential," so as not to "second-guess" the performance. Id. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (internal quotation marks and citation omitted); see also Fields v. Attorney Gen. of Maryland, 956 F.2d 1290, 1297-99 (4th Cir. 1992); Roach v. Martin, 757 F.2d 1463, 1476 (4th Cir. 1985). To establish prejudice and fulfill the second prong of the ineffective assistance test, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694-95.

2

withdraw the Petitioner's plea at that time—were procedurally barred from review.[2] The

Magistrate Judge also considered whether the Petitioner could demonstrate cause and

prejudice[3] to excuse his procedural default pursuant to Martinez v. Ryan, – U.S. –, 132

S.Ct. 1309, 1315 (2012). Ultimately, however, the Magistrate Judge determined that the

Petitioner failed to demonstrate cause to excuse his procedural default because grounds

one and two are not substantial claims. After review, the Court agrees.

First, as the Magistrate Judge noted, the PCR judge did not rule on the claims

raised in grounds one and two, and the record does not indicate that the Petitioner filed a

Rule 59(e) motion to ask the PCR judge to consider these claims. Thus, the claims were

barred from consideration by the state appellate courts on independent state procedural

grounds. Next, with respect to the Petitioner's argument that he can demonstrate "cause"

to excuse the procedural default pursuant to Martinez (based on PCR counsel's alleged

ineffectiveness in failing to raise the issues and obtain a ruling from the PCR court), PCR

counsel's alleged ineffective assistance will only constitute "cause" in the procedural

---

[2] As the Magistrate Judge noted, when a federal habeas petitioner has failed to
raise a claim at the appropriate time in state court and has no further means of bringing
that issue before the state courts, the claim will be considered procedurally defaulted, and
the petitioner will be procedurally barred from raising the issue in his federal habeas
petition. Smith v. Murray, 477 U.S. 527, 533 (1986).

[3] A federal court can review a procedurally defaulted claim if the petitioner can
demonstrate sufficient cause for the default and actual prejudice resulting from the failure,
or that a "fundamental miscarriage of justice" has occurred. Murray v. Carrier, 477 U.S.
478, 495-96 (1986). "Cause" is defined as "some objective factor external to the defense
[that] impeded counsel's efforts to comply with the State's procedural rule." Strickler v.
Greene, 527 U.S. 263, 283 n. 24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488
(1986)). If a petitioner demonstrates sufficient cause, he must also show actual prejudice
in order to excuse a default. Murray, 477 U.S. at 492. To show actual prejudice, a
petitioner must demonstrate more than plain error. A petitioner must show an actual and
substantive disadvantage as a result of the error, not merely the possibility of harm.

3

default context if it amounts to an independent constitutional violation. 132 S.Ct. 1309; see Murray v. Giarratano, 492 U.S. 1-7, 13 (1989) (O'Connor, J., concurring) ("[T]here is nothing in the Constitution or the precedents of Court that requires a State provide counsel in postconviction proceedings. A postconviction proceeding is not part of the criminal process itself, but is instead a civil action designed to overturn a presumptively valid criminal judgment. Nothing in the Constitution requires the State to provide such proceedings, . . . nor does . . . the Constitution require [ ] the States to follow any particular federal model in those proceedings."). In Martinez, 132 S.Ct. at 1315, the Supreme Court recognized that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's default of ineffective assistance at trial." Importantly, however, the Supreme Court in Martinez specifically held that the ability to show cause would not be extended to cases like this case—where the Petitioner alleges cause for procedural default based on "attorney errors in other kinds of proceedings, including appeals from initial review collateral proceedings." Id. at 1320. Therefore, the Court agrees with the Magistrate Judge that the Petitioner's claim is procedurally defaulted and that Martinez does not apply here.

Moreover, as the Magistrate Judge noted, plea counsel's testimony, which the PCR court found credible, refutes the Petitioner's claim that his plea was not entered knowingly.

 Specifically, plea counsel testified that he explained the sentencing range the Petitioner faced if he proceeded to trial on the murder charge as well as the sentencing range he faced if he pleaded guilty to voluntary manslaughter. Plea counsel also testified that he informed the Petitioner there were "no guarantees" with regard to sentencing, and plea counsel further testified that the plea agreement did not include a sentencing

4

recommendation, meaning that PCR counsel had no basis either to object to the solicitor's statements at sentencing or to move to withdraw the plea. For the foregoing reasons, the Court agrees with the Magistrate Judge that the Respondent is entitled to summary judgment on grounds one and two.

The Magistrate Judge next considered ground three (a) of the petition–where the Petitioner contends that his plea counsel was ineffective for failing to challenge the admissibility of his confession–and determined that the Petitioner effectively waived this claim when he entered a valid guilty plea. The Petitioner does not object to this finding, and after review, the Court finds no error.

With respect to ground three (b) of the petition–where the Petitioner argues that plea counsel should have requested a competency hearing to determine his mental state at the time of his confession–the Magistrate Judge first noted that the PCR court did not rule on this issue, and the Petitioner did not seek a ruling by filing a Rule 59(e) motion. Thus, this claim is procedurally barred unless the Petitioner can demonstrate cause for the default. Ultimately, as the Magistrate Judge concluded, the Petitioner's guilty plea obviated any need to challenge the evidence, and plea counsel's PCR testimony, which the PCR court found credible, refutes the Petitioner's claim insofar as plea counsel testified that he told  the Petitioner (1) there was no guarantee that challenging the confession would be successful, (2) the state had other evidence upon which to convict the Petitioner, and (3) challenging the confession would require going to trial, which would have precluded the Petitioner from accepting the state's offer to plead guilty to voluntary manslaughter. The Petitioner does not specifically object to this portion of the R&R; regardless, after review, the Court agrees with the Magistrate Judge that the Petitioner has not shown that this claim

5

was "substantial," and the Court declines to excuse the procedural bar to this claim. Ultimately, the Court agrees with the Magistrate Judge that the Respondent is entitled to summary judgment as to ground three (b).

Next, with respect to ground three (c) of the petition–where the Petitioner argues that plea counsel was ineffective for failing to adequately investigate an eyewitness, Ruth Stevens, the Magistrate Judge determined that the Petitioner waived this claim by pleading guilty. In other words, the Magistrate Judge determined that because the Petitioner chose to plead guilty rather than to proceed to trial, where he could have challenged the eyewitness testimony, the Petitioner waived any claim that the state's evidence was deficient. Again, the Petitioner does not specifically object to this finding, and after review, the Court finds no error.

Finally, the Magistrate Judge considered ground four of the petition–where the Petitioner contends that plea counsel was ineffective for failing to introduce evidence of the Petitioner's mental disorders at sentencing, and for failing to move for reconsideration of the sentence. The Magistrate Judge outlined the testimony from the PCR hearing, at which the PCR judge found that the Petitioner failed to present evidence of his mental history and determined that any argument that plea counsel should have presented such evidence at sentencing was speculative. Accordingly, the PCR court determined that the Petitioner failed to demonstrate prejudice. Ultimately, the Magistrate Judge found that the PCR judge's decision was not contrary to, or an unreasonable application of, clearly established federal law because the evidence indicated that plea counsel made a reasonable decision not to address the Petitioner's mental health and instead to focus on the Petitioners cooperation in the investigation, his history of working with the police, and



6

his remorsefulness. The Petitioner does not specifically object to this portion of the R&R, and after consideration the Court finds no error. Therefore, the Court agrees with the Magistrate Judge that the Respondent is entitled to summary judgment on ground four.

## CONCLUSION

Based on the foregoing, it is hereby

**ORDERED** that the R&R (Entry 33) is adopted and incorporated herein; the Petitioner's objections (Entry 35) are overruled; and the Respondent's motion for summary judgment (Entry 20) is granted.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

March 29, 2016
Charleston, South Carolina

## Certificate of Appealability

The governing law provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that this Court's assessment of the constitutional claims is debatable or wrong or that the issues presented were adequate to deserve further attention. See Miller–El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). Here, the Court finds that the Petitioner has not met the legal standard for the issuance of a certificate of appealability. Therefore, the Court denies a certificate of appealability.

